**INDUSTRIAL COMMISSION v CRUM**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1343.  Decided Jan 16, 1936

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. General, Columbus, Nicholas Nolan, Pros. Atty., Dayton, and Ralph Gross, Asst. Pros. Atty., Dayton, for plaintiff in error.

Frank W. Krehbiel, Dayton, for defendant in error.

**OPINION**

By BODEY, J.

It is the opinion of the court that the statement that he had hurt himself made by the deceased to this witness was of such a character as to make it part of the res gestae. While the record is silent as to the time which elapsed between the injury and the statement, the description of the physi-cal appearance of the deceased given by this witness would clearly indicate that the accident had just happened. In any event, it was competent for the witness to describe the physical appearance of the deceased after the injury. Even if the statement of the injured to the effect that he had hurt himself was improperly admitted in evi-dence, it was not prejudicial to the defend-ant. The court properly admitted in evi-dence the application for payment of com-pensation filed originally with the Commiss-ion by the injured employee. While this proffer met with strenuous objection from counsel for the defendant, it was within the limits of the rule announced in **Cou-tellier et v Industrial Commission of Ohio, 126 Oh St, 546.** We quote from that case:

"A report or application blank furnished by The Industrial Commission, which the Commission requires to be filled out and signed by the applicant, his physician and employer, is admissible evidence."

The application in the instant case con-atined the statement of the employee con-cerning his injury, giving the particulars thereof. To this was attached the certifi-cate of the attending physician in which he gave the following description of the injury: "Dilation of heart acute—a result of heavy lift. Also bruises of abdomen and chest." This application detailed the description of the injury. Since it was competent as evidence, it follows that the testimony of the witness, Blanche Greider, concerning the statement made to her by the injured could not have been prejudicial.

It is also claimed that the evidence does not show that the injuries complained of caused the death of Clearmont Crum. The evidence shows that he died on October 10, 1931. We again quote from the case of Wea-ver v The Industrial Commission of Ohio, supra. Referring to §1465-82 GC, the court says:

"Under this provision the plaintiff in an appeal case from a denial of award by the Industrial Commission for death of a work-man or employee has to establish that the injury was the proximate cause of the death, or was the proximate cause of the acceleration of death."

Several lay witnesses described the em-ployee's appearance and testified that his condition gradually grew worse after the injury. He quit work on August 5, 1930. One physician testified that trauma could produce dilation of the heart although it

was improbable. The same witness testified that Clearmont Crum was suffering from chronic myocarditis, that chronic myocarditis is increased and aggravated by trauma, that shock produced by trauma lowers the resistance of the patient and that the condition of this employee became progressively worse. The physician, who signed the application for compensation filed originally by the deceased, which was admitted in evidence, was called as a witness by the defense. On direct examination and in answer to a hypothetical question he testified that in his opinion the injury of the deceased did not cause the dilation of the heart. However, the jury had the right to compare and contrast this oral testimony with the statement of the witness as the same appeared on the original application for compensation. It was the duty of the jury to pass upon the credibility of the witnesses and to give the proper weight to their testimony. Its verdict may not be disturbed unless it is manifestly against the weight of the evidence or unless there is no credible evidence to support the same. We are of opinion that there is evidence in this record which would warrant a finding of the jury that the injury to Clearmont Crum was the proximate cause of the acceleration of his death. The evidence is such that reasonable minds might differ on the conclusions to be drawn therefrom. Therefore, the verdict must stand as being supported by evidence. The court did not commit prejudicial error in overruling defendant's motions for a directed verdict.

The court has examined the record in the light of the other errors assigned by the plaintiff in error. We find no error in the court's general charge nor in the admission of evidence. The judgment is not contrary to law. There are no errors apparent on the face of the record. Judgment will be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.